(96 South. 427)

## MOODY v. TENNESSEE COAL, IRON & R. CO. (6 Div. 600.)

(Supreme Court of Alabama. Feb. 1, 1923. Rehearing Denied May 17, 1923.)

**Appeal and error** ⬚1040(1) — **Rulings on pleadings not brought into judgment on appeal where general affirmative charge was probably given on grounds unaffected thereby.**

Where plaintiff's demurrer to the plea was overruled, defendant's demurrer to the reply sustained, the case tried to the jury, and the general affirmative charge for defendant given, but no bill of exceptions reserved as provided by amended circuit court rule 32 (175 Ala. xxi), notwithstanding that rulings on pleadings were of doubtful propriety, they will not be brought into judgment because the general charge may have been properly given on some ground unaffected by the pleadings.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

. Action for damages by Carrie Moody, as administratrix of the estate of Ben Moody, deceased, against the Tennessee Coal, Iron & Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Brown & Denson, of Birmingham, for appellant.

The burden of proving error rests upon the appellant, but, error shown, the burden does not devolve on appellant of showing injury. Rule 45 is not applicable in this case. Smith v. State, 183 Ala. 29, 62 South. 864; Ex parte First Nat. Bank, 206 Ala. 394, 90 South. 340; Wigginton v. State, 205 Ala. 147, 87 South. 700; Corona Coal Co. v. Hucklebey, 204 Ala. 508, 86 South. 25; Jackson v. Vaughn, 204 Ala. 543, 86 South. 471; Woodward Iron Co. v. Andrews, 114 Ala. 257, 21 South. 440; Brilliant Coal Co. v. Barton, 203 Ala. 38, 81 South. 829; Stewart Bros. v. Ransom, 200 Ala. 304, 76 South. 70; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 808; Pizitz v. Blomburgh, 206 Ala. 136, 89 South. 287; City of Birmingham v. Prickett, 207 Ala. 79, 92 South. 10; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 856; Sugar Valley Land Co. v. Johnson, 17 Ala. App. 409, 85 South. 873; Macher v. Farmers' & Ginners' Cotton Oil Co., 203 Ala. 601, 84 South. 846; Sovereign Camp, W. O. W., v. Ward, 201 Ala. 446, 78 South. 824; Wilson v. Weaver, 16 Ala. App. 249, 77 South. 239; Western U. Tel. Co. v. Bowen, 16 Ala. App. 253, 76 South. 987; Gibson v. State, 14 Ala. App. 111, 72 South. 210; Wadsworth Red Ash Coal Co. v. Scott, 197 Ala. 361, 72 South. 545.

Percy, Benners & Burr, of Birmingham, for appellee.

In the state of the record, it will be presumed that the general affirmative charge was given for failure of plaintiff to make out a case, and it is unnecessary to consider rulings on pleadings, since, if erroneous, they were without injury. Sov. Camp v. Ward, 201 Ala. 446, 78 South. 824; Black v. S.-S. S. & I. Co., 202 Ala. 506, 80 South. 794; Street v. Treadwell, 203 Ala. 68, 82 South. 28.

PER CURIAM. Appellant's intestate, proceeding under the third subdivision of the Employer's Liability Act (Code 1907, § 3910), sued to recover damages for personal injuries suffered by him and alleged (count 2) to have been caused by the negligence of one Dermott in ordering plaintiff to "break a hot runner." Plaintiff having died, the action was revived in the name of appellant as administratrix. Defendant's plea 3 undertook to state a defense in that plaintiff's intestate had assumed the risk of the injuries suffered. Plaintiff demurred, and her demurrer was overruled. This ruling is assigned for error. Plaintiff replied generally and by two special replications. Defendant's demurrer was sustained. These rulings are also assigned and argued. The cause being tried before a jury, the court gave the general affirmative charge for the defendant.

Conceding for the argument that the rulings on the pleadings were of doubtful propriety, the court will not bring them into judgment for the reason that, for aught appearing, the general charge may have been properly given on some ground wholly unaffected by the pleadings in question, as, for example, the plaintiff may have wholly failed to prove the case alleged in the complaint. Amended circuit court rule 32 covers the case. 175 Ala. xxi. A bill of exceptions should have been reserved.

Plaintiff, appellant, has filed a motion to establish a bill of exceptions, but offers no evidence in support thereof. For this reason the court cannot consult the so-called bill, though it is referred to in the brief as establishing injury ·in the rulings on the pleadings.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

PER CURIAM. In appellant's application for rehearing our attention is drawn to the fact that evidence was submitted in support of her motion to establish a bill of exceptions. Our failure to notice this evidence was due to the fact that the evidence became separated from the transcript of the record in the clerk's office and so failed to reach the court. Now, upon rehearing, the evidence is considered, and the court, after due consideration, is of opinion that the motion to es-

tablish a bill of exceptions should be overruled. Likewise the court has considered the brief in ,support of appellant's application for a rehearing on the ruling noted in the original opinion, and holds that it, too, should be overruled. Accordingly it is so ordered.

Application overruled.

ANDERSON, C. J., and SAYRE, GARDNER and MILLER, JJ., concur.